## WILLETS MANUFACTURING COMPANY v. BOARD OF CHOSEN FREEHOLDERS OF MERCER COUNTY.

A plea in avoidance of a fact that the plea does not admit is bad.

On demurrer to plea.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the demurrant, *Francis C. Lowthorp.*

For the defendant, *Symmes B. Hutchinson* and *James Buchanan.*

The opinion of the court was delivered by

GARRISON, J.  In an action of trespass *quare clausum fregit* the plaintiff has demurred to one of the defendant's special pleas.  The defence sought to be interposed by this plea was that the county was not responsible for injuries to the plaintiff's land resulting from the change of grade of a public street.  The difficulty is that such a controversy has no foundation in this record.  The gist of the plaintiff's declaration is the entry upon his close.  A plea that seeks to justify such an entry must admit it either expressly or tacitly.  *Trustees* v. *Fisher*, 3 *Harr.* 256.

If a plea does not by fair intendment confess the doing of the acts complained of, it is bad as a justification.  *Gould Pl.* 340.  For, in the language of Judge Gould, "it is absurd to plead in avoidance of a fact which the plea does not admit."

In the case before us the defendant is charged with a tortious entry upon plaintiff's close, to which he replies by alleging certain facts with respect to a highway.  That the facts thus set forth constitute an entry upon the plaintiff's close is not only not confessed, but is, on the contrary, expressly excluded by the plea itself, which sets forth that the *locus* to which it has reference is "situated near the close of the plaintiff."  The plea is therefore bad as a justification, and unless it amounts to that it paves the way for no evidence that is not admissible under the general issue.

In this state of the record it is impossible for the court to apply the argument of the briefs to the pleadings or to inject into the issue circumstances that would raise the question that has been argued.

Judgment must be entered for the plaintiff.